## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA

www.flsb.uscourts.gov

In re:

JORAN REALTY NY CORP., a/k/a Joran
Realty Corp., a/k/a Joran Realty Harder Hall
a/k/a Harder Hall Resort and Spa

       Debtors.

_____/

KENNETH A. WELT, Chapter 7 Trustee for
JORAN REALTY NY CORP., etc, Debtor,

       Plaintiff,

vs.

MARC SHENKER and
MARMEL REALTY CORP.,

       Defendants.

_____/

Case No.: 06-15353-BKC-LMI
Chapter 7

Adv. Case No.:

## COMPLAINT TO RECOVER AVOIDABLE TRANSFERS

The Plaintiff, Kenneth A. Welt, Chapter 7 Trustee of the bankruptcy estate of Joran Realty

NY Corp., etc., Debtor (**"Trustee Welt"**) sues the Defendants, Marc Shenker (**"Shenker"**) and

MARMEL REALTY CORP. (**"Marmel"** and together with Shenker referred to as **"Defendants"**),

to avoid and recover transfers, pursuant to 11 U.S.C. §§ 544, 548 and 550, and Florida Statutes

§§ 726.105, 726.106, 726.108.  In support of this Complaint, Trustee Welt avers as follows:

## Jurisdiction and Venue

1.      Trustee Welt sues the Defendants in this adversary proceeding pursuant to 11 U.S.C. §§ 544, 548 and 550, Federal Rules of Bankruptcy Procedure 7001 and 9014, Florida Statutes §§ 726.105, 726.106, and 726.108 and applicable state law.

2.      The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1334(b), and venue is proper in this district pursuant to 28 U.S.C. § 1409.  This adversary proceeding arises in and relates to the pending Chapter 7 bankruptcy case of *In re Joran Realty NY Corp.*, Case No.  06-15353-BKC-LMI, United States Bankruptcy Court, Southern District of Florida, Miami Division. The matters raised herein constitute core proceedings under the provisions of 28 U.S.C. § 157(b)(2)(A), (E), (F), (H) and (O).

## Background Facts and Parties

3.      On October 20, 2006 ("Petition Date"), Joran Realty NY Corp., Debtor ("Debtor") filed a voluntary petition under Chapter 11, Title 11 U.S.C. § 101, et. seq. (the "Bankruptcy Code") in the above-captioned Court.

4.      By Order dated February 15, 2007 (D.E. 128), the Court directed the United States Trustee to appoint a Chapter 11 trustee pursuant to 11 U.S.C. § 1104, and on February 16, 2007, Trustee Welt was appointed as the Chapter 11 trustee of the Debtor's bankruptcy estate (DE 127 and 130, respectively).

5.      Subsequently, this case was converted to a case under chapter 7 and Trustee Welt was appointed as the Chapter 7 trustee (D.E. 299 ad 300, respectively).

6.      At all times material, Defendant Shenker was an individual over eighteen years of age, *sui juris*, and resided in the State of Florida.

7.    At all times material, Defendant Shenker was the sole officer and director of the Debtor, and owned 100% of the shares of the Debtor (D.E. 36 *Statement of Financial Affairs*; D.E. 2, *Corporate Ownership Statement*).

8.    At all times material, the Defendant was a person in control and an insider of the Debtor within the meaning of the § 101(31) of the Bankruptcy Code from the time of the Debtor's formation through approximately February 2007.

9.    At all times material, Defendant Marmel was a corporation organized and existing under the laws of the State of New York.

10.    Upon information and belief, at all times material, Defendant Shenker held an interest in, or controlled Defendant Marmel.

11.    Upon information and belief, at all times material, the Defendant Marmel was an insider of the Debtor within the meaning of the § 101(31) of the Bankruptcy Code.

**Pre-Petition Transfers**

12.    Prior to the Petition Date, the Debtor transferred certain property interests of the Debtor to the Defendant Shenker (the "Maison Grande Condo Transfer"), more specifically described on the Quit Claim Deed, recorded April 13, 2006, under Clerk's File No. 2006R0397545, at OR Bk 24423, Pg 2533, a copy of which is attached as Exhibit 1.  The Debtor received no value in exchange for such transfer.

13.    Defendant Shenker then proceeded to extract the equity value from the Maison Grande Condo through a refinancing of the property, as detailed in the HUD Settlement Statement attached as Exhibit 2.

14.     Prior to the Petition Date, the Debtor transferred certain real property interests to the Defendant Shenker (the "Alexander Condo Transfer"), more specifically described on the Quit Claim Deed, recorded April 21, 2006, under Clerk's File No. 2006R0429284, at OR Bk 24448, Pg 3953, a copy of which is attached as Exhibit 3.  The Debtor received no value in exchange for such transfer.

15.     Defendant Shenker then proceeded to extract the equity value from the Alexander Condo through a refinancing of the property, as detailed in the HUD Settlement Statement attached as Exhibit 4.

16.     Prior to the Petition Date, the Debtor transferred certain sums to or for the benefit of the Defendant Shenker as detailed on the Schedule of Transfers - Mark Shenker, attached as Exhibit 5 (the "Cash Transfers," and together with the Maison Grande Condo Transfer and the Alexander Condo Transfer referred to as the "Shenker Transfers").

17.     Prior to the Petition Date, the Debtor transferred certain sums to or for the benefit of the Defendant Marmel detailed on the Schedule of Transfers to Marmel Realty Corp, attached as Exhibit 6 (the "Marmel Transfers," and together with the Shenker Transfers referred to as the "Fraudulent Transfers").

18.     Upon information and belief, the property transferred in the Cash Transfers detailed on Exhibit 5, and the Marmel Transfers detailed on Exhibit 6 was property of the Debtor.

19.     Upon information and belief, each of the Shenker Transfers were made to or for the benefit of the Defendant Shenker.

20.     Upon information and belief, each of the Marmel Transfers were made to or for the benefit of the Defendant Marmel, and, upon information and belief, for the benefit of Defendant, Shenker.

21.     At the time of each of the Fraudulent Transfers, the Debtor was indebted to the City of Sebring in the principal amount of $4,200,000, to Historic Harder Hall, Inc., in the principal amount of $1,080,000 and other creditors. (D.E. 36, *Schedules*)

<u>**Count I Against Marc Shenker**</u>
**Avoidance of Fraudulent Transfers Pursuant to §§ 548(a)(1)(A) and 550(a)**
**of the Bankruptcy Code**

The Plaintiff sues the Defendant Shenker to avoid and recover the Shenker Transfers or the value of the Shenker Transfers.  In support of this Count, Plaintiff realleges and incorporates Paragraphs 1 through 21 above, as if more fully set forth herein and further avers:

22.     Each of the Shenker Transfers were made with actual intent to hinder, delay, or defraud creditors to which the Debtor was or became indebted on or after the dates that the Shenker Transfers were made.

23.     The Defendant Shenker was the initial transferee of the Shenker Transfers as stated above and detailed in Exhibits 1 - 5.

24.     The Shenker Transfers may be avoided under 11 U.S.C. § 548(a)(1)(A), and recovered for the benefit of the bankruptcy estate as provided in 11 U.S.C. § 550.

WHEREFORE, Plaintiff requests this Court to enter a judgment against the Defendant Marc Shenker avoiding the Shenker Transfers, and recovering, for the benefit of the estate, the property transferred, or, if the Court so orders, recovering the value of the Shenker Transfers, plus the costs of this action, and granting such other relief as the Court may deem proper.

### Count II Against Marc Shenker
### Avoidance of Fraudulent Transfers Pursuant to §§ 548(a)(1)(B) and 550(a)
### of the Bankruptcy Code

The Plaintiff sues the Defendant Marc Shenker to avoid and recover the Shenker Transfers or the value of the Shenker Transfers.  In support of this Count, Plaintiff realleges and incorporates Paragraphs 1 through 21 above, as if more fully set forth herein and further avers:

25.    The Debtor received less than a reasonably equivalent value in exchange for the Shenker Transfers.

26.    At the time of each of the Shenker Transfers, the Debtor

a.    was insolvent or became insolvent as a result of such transfer; or, alternatively,

b.    was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital; or, alternatively,

c.    intended to incur, or believed that it would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

27.    The Defendant Shenker was the initial transferee of the Shenker Transfers as stated above and detailed in Exhibits 1 - 5.

28.    The Shenker Transfers may be avoided under 11 U.S.C. § 548(a)(1)(B), and recovered for the benefit of the bankruptcy estate as provided in 11 U.S.C. § 550.

WHEREFORE, Plaintiff requests this Court to enter a judgment against the Defendant Marc Shenker avoiding the Shenker Transfers, and recovering, for the benefit of the estate, the property

transferred, or, if the Court so orders, recovering the value of the Shenker Transfers, plus the costs of this action, and granting such other relief as the Court may deem proper.

**Count III Against Marc Shenker**
**Avoidance of Fraudulent Transfers Pursuant to §§ 544(b) and 550 of the Bankruptcy Code and §§ 726.105(1)(b) and 726.108, Florida Statutes**

The Plaintiff sues the Defendant Marc Shenker to avoid and recover the Shenker Transfers or the value of the Shenker Transfers. In support of this Count, Plaintiff realleges and incorporates Paragraphs 1 through 21 above, as if more fully set forth herein and further avers:

29. The Debtor made the Shenker Transfers to or for the benefit of the Defendant Shenker within four years preceding the Petition Date.

30. The Debtor did not receive a reasonably equivalent value in exchange for the Shenker Transfers.

31. At the time of the Shenker Transfers, the Debtor (a) was engaged or was about to engage in a business or a transaction for which its remaining assets were unreasonably small in relation to the business or transaction; or (b) intended to incur, or believed, or reasonably should have believed, that it would incur debts beyond its ability to pay as they became due.

32. Defendant Shenker did not take the Shenker Transfers from the Debtor in good faith or for a reasonably equivalent value.

33. The Shenker Transfers were fraudulent as to (a) then-existing creditors who are actual creditors holding claims against the Debtor's bankruptcy estate, as well as (b) creditors whose claims were incurred after the Transfers were made, and may be avoided under 11 U.S.C. § 544(b), and §§ 726.105(1)(b) and 726.108, Florida Statutes, and recovered for the benefit of the bankruptcy estate as provided in 11 U.S.C. § 550.

34.     Each of the Shenker Transfers were made with actual intent to hinder, delay, or defraud creditors to which the Debtor was or became indebted on or after the dates that the Shenker Transfers were made.

WHEREFORE, Plaintiff requests this Court to enter a judgment against the Defendant Marc Shenker avoiding the Shenker Transfers, and recovering, for the benefit of the estate, the property transferred, or, if the Court so orders, recovering the value of the Shenker Transfers, plus the costs of this action, and granting such other relief as the Court may deem proper.

<u>**Count IV - Against Marc Shenker**</u>
**Avoidance of Fraudulent Transfers Pursuant to §§ 544(b) and 550 of the Bankruptcy Code and §§ 726.106(1) and 726.108, Florida Statutes**

The Plaintiff sues the Defendant Marc Shenker to avoid and recover the Shenker Transfers or the value of the Shenker Transfers.  In support of this Count, Plaintiff realleges and incorporates Paragraphs 1 through 21 above, as if more fully set forth herein and further avers:

35.     The Debtor made the Shenker Transfers to or for the benefit of the Defendant within four years preceding the Petition Date.

36.     The Debtor was insolvent when the Shenker Transfers were made, or became insolvent as a result of such Shenker Transfers.

37.     The Debtor did not receive a reasonably equivalent value in exchange for the Shenker Transfers.

38.     Defendant did not take the Shenker Transfers from the Debtor in good faith or for a reasonably equivalent value.

39.     The Shenker Transfers were fraudulent as to creditors who are actual creditors holding claims against the Debtor's bankruptcy estate that arose before the Shenker Transfers were

made, and may be avoided under 11 U.S.C. § 544(b), and §§ 726.106(1) and 726.108, Florida

Statutes, and recovered for the benefit of the bankruptcy estate as provided in 11 U.S.C. § 550.

WHEREFORE, Plaintiff requests this Court to enter a judgment against the Defendant Marc

Shenker avoiding the Shenker Transfers, and recovering, for the benefit of the estate, the property

transferred, or, if the Court so orders, recovering the value of the Shenker Transfers, plus the costs

of this action, and granting such other relief as the Court may deem proper.

### Count V - Against Marc Shenker
**Avoidance of Fraudulent Transfers Pursuant to §§ 544(b) and 550 of the Bankruptcy Code and §§ 726.106(2) and 726.108, Florida Statutes**

The Plaintiff sues the Defendant Marc Shenker to avoid and recover Shenker Transfers or

the value of the Shenker Transfers. In support of this Count, Plaintiff realleges and incorporates

Paragraphs 1 through 21 above, as if more fully set forth herein and further avers:

40.    The Debtor made the Shenker Transfers to or for the benefit of the Defendant

Shenker within one year preceding the Petition Date.

41.    Upon information and belief, the Shenker Transfers were made on account of  an

antecedent debt owed by Debtor to Defendant Shenker before the Shenker Transfers were made.

42.    The Shenker Transfers were made at a time when the Debtor was insolvent, and

Defendant Shenker had reasonable cause to believe that the Debtor was insolvent.

43.    The Shenker Transfers were fraudulent as to creditors who are actual creditors

holding claims against the Debtor's bankruptcy estate that arose before the Shenker Transfers were

made, and may be avoided under 11 U.S.C. § 544(b), and §§726.106(2) and 726.108, Florida

Statutes, and recovered for the benefit of the bankruptcy estate as provided in 11 U.S.C. § 550.

WHEREFORE, Plaintiff requests this Court to enter a judgment against the Defendant Marc Shenker avoiding the Shenker Transfers, and recovering, for the benefit of the estate, the property transferred, or, if the Court so orders, recovering the value of the Shenker Transfers, plus the costs of this action, and granting such other relief as the Court may deem proper.

### Count VI Against Marc Shenker and Marmel Realty Corp.
**Avoidance of Fraudulent Transfers Pursuant to §§ 548(a)(1)(A) and 550(a)
of the Bankruptcy Code**

The Plaintiff sues the Defendants Marc Shenker and Marmel Realty Corp. to avoid and recover the Marmel Transfers or the value of the Marmel Transfers.  In support of this Count, Plaintiff realleges and incorporates Paragraphs 1 through 21 above, as if more fully set forth herein and further avers:

44.    Each of the Marmel Transfers were made with actual intent to hinder, delay, or defraud creditors to which the Debtor was or became indebted on or after the dates that the Marmel Transfers were made.

45.    The Defendant Marmel was the initial transferee of the Marmel Transfers as stated above and detailed in Exhibit 6, or, alternatively, Marmel was the immediate transferee of the Marmel Transfers.

46.    Upon information and belief, the Marmel Transfers were made for the benefit of Defendant Shenker, or alternatively, Defendant Shenker was the immediate or mediate transferee of the Marmel Transfers.

47.    The Marmel Transfers may be avoided under 11 U.S.C. § 548(a)(1)(A), and recovered for the benefit of the bankruptcy estate as provided in 11 U.S.C. § 550.

WHEREFORE, Plaintiff requests this Court to enter a judgment against the Defendants Marc Shenker and Marmel Realty Corp. avoiding the Marmel Transfers, and recovering, for the benefit of the estate, the property transferred, or, if the Court so orders, recovering the value of the Marmel Transfers, plus the costs of this action, and granting such other relief as the Court may deem proper.

## Count VII Against Marc Shenker and Marmel Realty Corp.
### Avoidance of Fraudulent Transfers Pursuant to §§ 548(a)(1)(B) and 550(a) of the Bankruptcy Code

The Plaintiff sues the Defendants Marc Shenker and Marmel Realty Corp. to avoid and recover the Marmel Transfers or the value of the Marmel Transfers.  In support of this Count, Plaintiff realleges and incorporates Paragraphs 1 through 21 above, as if more fully set forth herein and further avers:

48.     The Debtor received less than a reasonably equivalent value in exchange for the Marmel Transfers.

49.     At the time of each of the Marmel Transfers, the Debtor

a.      was insolvent or became insolvent as a result of such transfer; or, alternatively,

b.      was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital; or, alternatively,

c.      intended to incur, or believed that it would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

50.      The Defendant Marmel was the initial transferee of the Marmel Transfers as stated above and detailed in Exhibit 6, , or alternatively, Marmel was the immediate transferee of the Marmel Transfers.

51.      Upon information and belief, the Marmel Transfers were made for the benefit of Defendant Shenker, or alternatively, Defendant Shenker was the immediate or mediate transferee of the Marmel Transfers.

52.      The Marmel Transfers may be avoided under 11 U.S.C. §  548(a)(1)(B), and recovered for the benefit of the bankruptcy estate as provided in 11 U.S.C. § 550.

WHEREFORE, Plaintiff requests this Court to enter a judgment against the Defendants Marc Shenker and Marmel Realty Corp., avoiding the Marmel Transfers, and recovering, for the benefit of the estate, the property transferred, or, if the Court so orders, recovering the value of the Marmel Transfers, plus the costs of this action, and granting such other relief as the Court may deem proper.

Dated: October 16, 2008.

Respectfully submitted,

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

STEARNS WEAVER MILLER WEISSLER
 ALHADEFF & SITTERSON, P.A.
Attorneys for Trustee Welt
Museum Tower Building, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone:     (305) 789-3200
Facsimile:     (305) 789-3395
By:   /s/ Harold D. Moorefield
          HAROLD D. MOOREFIELD, JR.
          Florida Bar No.  239291
          hmoorefield@swmwas.com

G:\W-BANK\38258\001\Drafts\Complaint to Recover Avoidable Transfers.wpd