

**ORDERED in the Southern District of Florida on March 08, 2010.**

Laurel M. Isicoff, Judge
United States Bankruptcy Court

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

JORAN REALTY NY CORP., a/k/a Joran
Realty Corp., a/k/a Joran Realty Harder Hall
a/k/a Harder Hall Resort and Spa

        Debtors.
_____/

Case No.: 06-15353-LMI

Chapter 7

### ORDER GRANTING MOTION TO COMPROMISE CONTROVERSY
(Adv. Pro. No. 08-01708-LMI)

THIS CAUSE came before the Court on the Motion to Compromise Controversy ("Motion")(CP 323) filed on negative notice pursuant to Local Rule 9013-1(D). In the Motion, Trustee Welt requests the Court enter an order approving a settlement between Trustee Welt and Marc Shenker ("Shenker") and Marmel Realty Corp. ("Marmel") (Shenker and Marmel collectively, "Defendants") which will resolve all disputes between the parties and resolve Adversary Proceeding No. 08-01708-LMI ("Adversary Proceeding").

The settlement, the material terms of which are set forth in the Motion, provide for Mr.

Shenker to pay Trustee Welt $10,000.00 and provide Trustee Welt with a financial affidavit setting forth his assets and liabilities and income and expenditures. In exchange, Trustee Welt will dismiss the Adversary Proceeding with prejudice.

### Finding and Conclusions

Due and proper notice of the Motion and the proposed settlement was given to all creditors, and with no objections to the Motion being filed, and the upon all the proceedings had before the Court and counsel's representations at a status conference on November 25, 2009, and other documents on file in the Adversary Proceeding, and other good cause appearing therefore, the Court finds as follows:

1. Notice of the Motion and the proposed settlement as set forth in the Motion is sufficient to comply with Bankruptcy Rules 9019 and 2002(a)(3).

2. No party has raised an objection to the Motion and proposed settlement.

3. The settlement as set forth in the Motion and meets the criteria set forth in *In re Justice Oaks II, Ltd.*, 898 F.2d 1544 (11th Cir. 1990) and thus, is in the best interests of this Estate.

Therefore, based upon the foregoing, the Court finds good cause to approve the Motion and settlement. Accordingly,

**IT IS HEREBY ORDERED:**

1. The Motion is GRANTED.

2. The settlement is approved on the terms and conditions set forth in the Motion.

3. On or before February 1, 2010, Mr. Shenker shall (a) pay Trustee Welt $10,000.00; and (b) provide Trustee Welt with a financial affidavit setting forth his assets and liabilities and income and expenditures.

4.      Upon receipt of the $10,000.00, Trustee Welt shall (a) be deemed to have released the Mr. Shenker and Marmel and its predecessors in interest, successors in interest, parents, subsidiaries, affiliates and assignees, and their respective professionals, officers, directors, employees and agents, from any and all obligations, claims, and demands of any kind whatsoever, at law or in equity, direct or indirect, known or unknown, discovered or undiscovered; and (b) dismiss the Adversary Proceeding with prejudice.

5.      Upon dismissal of the Adversary Proceeding, each of Mr. Shenker and Marmel shall be deemed to have released Trustee Welt and professionals, employees and agents, from any and all obligations, claims, and demands of any kind whatsoever, at law or in equity, direct or indirect, known or unknown, discovered or undiscovered.

6.      In the event that Mr. Shenker does not make the $10,000.00 payment on or before February 1, 2010, Mr. Shenker shall consent to a judgment entered against him and in favor of Trustee Welt in the Adversary Proceeding in the amount of $120,000.00.

### # # #

Attorney McNamee shall serve a copy of this order on all parties in interest and file a certificate of service with the Court.